UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| NINA SUTTON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:06CV00934 AGF |
| | ) |
| CENVEO CORPORATION, d/b/a | ) |
| Cenveo Color Art, | ) |
| | ) |
| Defendant. | ) |

# **MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff's motion to remand the case to the state court in which it was filed.[1] For the reasons set forth below, the Court will require further information before ruling in the motion.

Plaintiff filed this employment discrimination action in Missouri state court against her former employer, a non-Missouri corporation. Plaintiff claimed sexual harassment and retaliatory discharge, in violation of the Missouri Human Rights Act. She sought judgment in her favor, "to include" declaratory and injunctive relief, as well as damages for all wages and financial incentives lost as a result of Defendant's conduct, together with prejudgment and post-judgment interest; punitive damages; costs; and attorney's fees.

---

[1] The parties have consented to the exercise of authority by the undersigned United States Magistrate Judge under 28 U.S.C. § 636(c).

Defendant removed the action to this Court pursuant to 28 U.S.C. § 1446(b) on the basis of diversity jurisdiction under 28 U.S.C. § 1332. Defendant asserted that Plaintiff's damages request indicated that the amount in controversy, exclusive of interest and costs, exceeded the $75,000 jurisdictional amount for diversity jurisdiction.

Plaintiff now seeks to amend her complaint (Doc. No. 8) by adding the phrase, "for more than $25,000.00 and less than $75,000.00," such that paragraph 28 would read:

> 28. Plaintiff Nina Sutton requests judgment in favor of Plaintiff and against Defendant Cenveo Corporation, d/b/a/ Cenveo Color Art, for more than $25,000 and less than $75,000 to include the following:

And, assuming that the motion to amend will be granted, Plaintiff moves to remand the case to state court on the ground that the amount in controversy is less than $75,000. In response, Defendant states that it does not object to Plaintiff's proposed amendment. Defendant argues, however, that the motion to remand must be denied because at the time of removal, diversity jurisdiction existed.

Where the amount in controversy is ambiguous on the face of the state court petition at the time of removal, a plaintiff's post-removal affidavit or similar declaration that he or she will not seek or accept in state court more than the jurisdictional amount would warrant remand. Halsne v. Liberty Mut. Group, 40 F. Supp. 2d 1087, 1091 (N.D. Iowa 1999); Walsh v. J.B. Hunt Transport, Inc., 20 F. Supp. 2d 1300, 1301 (E.D. Mo. 1998). While Plaintiff may well have intended the proposed amendment to her complaint to constitute such a statement, the Court concludes that the proposed amendment falls short of an unequivocal statement that she will not seek or accept in excess of $75,000 in

state court. Upon the filing of an affidavit, preferably signed by Plaintiff herself, so stating, Plaintiff would be entitled to have her case remanded to state court.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff shall have ten (10) days from the date of this Order to file an affidavit pertaining to the amount in controversy. In the event no such affidavit is filed, Plaintiff's motion to remand will be taken under submission as filed.

**IT IS FURTHER ORDERED** that the deadline for filing the joint proposed scheduling plan shall be stayed pending a resolution of the motion for remand.

**IT IS FURTHER ORDERED** that Plaintiff's further motion for a hearing on remand (Doc. No. 15) is **DENIED as moot**.

_____
AUDREY G. FLEISSIG
UNITED STATES MAGISTRATE JUDGE

Dated this 15th day of August, 2006.